RESS v. GURINSKY et al.

(Supreme Court, Appellate Term, Second Department. April 3, 1913.)

COURTS (§ 189*)—MUNICIPAL COURT—ATTACHMENT—GRANT OF WARRANTS.

A warrant of attachment, which Municipal Court Act (Laws 1902, c. 580) § 75, requires to be granted by the court when the summons is issued, and to ·be issued by the clerk of the court in the district in which the action is brought, and to be indorsed on or attached to the summons, is granted by the court, and not by a justice thereof, if the application therefor is presented in the district in which the action is brought, and if the justice holding the court therein acts on the application and grants the warrant when the summons is issued, even though the warrant is signed by the justice, and does not recite on its face that it is signed by the court; the act of the justice in such case being the act of the court, whether he is on the bench or not.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Meyer Ress against Sadie Gurinsky and another. Judgment for plaintiff. Defendants appeal. Affirmed.

Argued March term, 1913, before GARRETSON, BLACKMAR, and KAPPER, JJ.

Nathan D. Shapiro, of Brooklyn, for appellants.
Henry D. Levy, of Brooklyn, for respondent.

BLACKMAR, J. The plaintiff in this case secured a warrant of attachment in an action brought by him in the Municipal Court against Abraham Baron. The attachment was levied on goods claimed to be owned by one Sadie Gurinsky, who, to secure their release, gave a bond executed by the defendants. This action is brought on said bond. Plaintiff was awarded judgment, and the defendants. appeal, claiming that the warrant of attachment was void because issued by a justice of the Municipal Court, instead of by the court, and that the bond given to secure the release of the merchandise was, therefore, without consideration and void.

The Municipal Court of the City of New York is a consolidation and reorganization of the District Court of the City of New York and the Justices' Courts of the First, Second and Third Districts of the City of Brooklyn. Chapter 20, tit. 2, § 1351, of the Charter of Greater New York (Laws 1901, c. 466). It is a single tribunal, and a part of the judicial system of the state. Worthington v. London Guarantee & Accident Co., 164 N. Y. 81, 58 N. E. 102. By the Municipal Court Act, certain powers and jurisdiction are conferred on the court as such. By the same act certain powers are conferred on the Municipal Court justices. Sections 15, 101, and 318 (Laws 1902, c. 580). Although decisions regarding the distinction between the Supreme Court and the justices thereof are not necessarily applicable to the Municipal Court, yet the principle underlying them is the same.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"A court is a tribunal organized according to law and sitting at fixed times and places for the administration of justice." Vann, J., in People ex rel. Eckerson v. Trustees, 151 N. Y. 75, 84, 45 N. E. 384, 387. The Municipal Court is such an organized tribunal. The several boroughs, composing the city of New York, are divided into districts by a law which provides that sessions of the Municipal Court shall be held in each district. Chapter 20, tit. 2, § 1358, of the Charter. The Municipal Court Act provides that the board of justices may establish parts of the court and assign justices to hold them; but no justice may be assigned to sit outside his own borough, except as provided in section 1355 of the Charter, and they shall be assigned in rotation. Section 13 of that act. It also provides that court shall be held in each district by the justice assigned at places to be provided by the commissioners of the sinking fund and for the prescribed time. Section 17 of the act. It is obvious, therefore, that powers conferred upon the court by name can be exercised only by a tribunal so organized, and held by a justice of the court in the manner provided by law. A warrant of attachment can be issued only by the court. It must accompany the summons, and a summons can be issued only by the clerk in the district where the action is triable. Sections 75 and 27 of the act. A justice of the Municipal Court has no power to grant a warrant of attachment. This power is vested in the court, to be exercised in some of the parts established pursuant to law.

But the form of the warrant, so long as it contains the matter prescribed by law, is of no importance. The distinction between a court order and a judge's order, as it obtains in a court of record, in that one becomes valid on its entry in the records by the clerk and the other on its being signed by the judge, does not obtain in the Municipal Court. Municipal Court rule 3. So a warrant of attachment may be signed by a justice, and to his signature may be added the description of his office; yet, if it is regularly issued as prescribed by law, it is the act of the court. A Municipal Court acts through the justice holding the part. If, in this case, the application for the warrant was presented in the district in which the action was brought, and if the justice holding court in that district acted on the application and granted the warrant at the time when the summons was issued, then it was granted by the court, even though it was signed by the justice and does not recite on its face that it was granted by the court. Section 75 of the act. The fact that it was granted by the court may be evidenced by the subscription of the clerk of the court in the proper district, and by the fact that it is indorsed upon or annexed to the summons.

The act of the justice is the act of the court when he is holding a part regularly established, whether he is on the bench or not. On the other hand, any power granted to him as a justice, like the power to administer an oath (section 10), or to settle a case on appeal (section 318), may be exercised anywhere in the city of New York, without reference to his holding court in the district where the action is pending. But neither the warrant of attachment, nor the application therefor, nor the return of the marshal are returned into this court. There

is no evidence, therefore, that the warrant of attachment was not is-sued by the court. The only evidence on that subject is contained in the recital in the bond executed by the defendants, to the effect that the warrant of attachment was issued by the Municipal Court.

Judgment affirmed, with costs. All concur.